UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KHARI DEVON COLEY,

                Petitioner,
v.                                                  9:22-CV-0458
                                                     (DNH/TWD)

THE PEOPLE OF THE
STATE OF NEW YORK,

                Respondent.[1]
_____

APPEARANCES:                                       OF COUNSEL:

KHARI DEVON COLEY
Petitioner, Pro Se
13-A-0904
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

       On May 5, 2022, pro se petitioner Khari Coley ("Coley" or "petitioner") filed this action seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex.").[2]

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes. Petitioner has incorrectly named "The People of the State of New York" as respondent. Pet. at 1. Accordingly, the Clerk of Cour is respectfully directed to update the docket sheet to reflect the sole respondent, Christopher Miller, Superintendent of Great Meadow Correctional Facility..

[2] Citations to the various submissions, Court Orders, and Mandates refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On May 6, 2022, Coley's action was administratively closed because it had not been properly commenced—petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application.  Dkt. No. 2.  At that time, the administrative closure order entered by the Clerk of Court directed petitioner to either (1) pay the fee or (2) file a proper IFP application.  *Id*.

On May 27, 2022, the Clerk of the Court received from Coley the statutory filing fee of $5.00.  Dkt. Entry dated 05/27/22 (indicating receipt information for filing fee transaction); Dkt. No. 5, Letter (enclosing filing fee).  This case was reopened and restored to the active docket for further consideration.  Dkt. No. 4, Text Order (reopening case).

## II. PREVIOUS HABEAS PETITION

Coley filed a previous habeas petition in this Court in 2016.  *Coley v. Superintendent*, No. 9:16-CV-0992 (GTS) ("*Coley I*"), Dkt. No. 1, Petition.  There, petitioner "challenge[d] a February 15, 2013, judgment of conviction, following a jury trial in Ulster County, of three counts of robbery in the second degree."  *Coley I*, Dkt. No. 80, Decision and Order ("2018 Order"), at 2.[3]  Petitioner argued that he was entitled to federal habeas relief because (1) the trial court erred in failing to suppress his statement to the police and the in-court identification made by the victim; (2) his trial counsel was constitutionally ineffective; (3) the trial court erred in failing to deny petitioner's motion to dismiss; (4) the trial court's *Sandoval* ruling deprived him of a fair trial; and (5) the sentence imposed was excessive.  *Coley I*, 2018 Order at 2.

---

[3] Petitioner took a direct appeal but the Third Department affirmed the judgment and the Court of Appeals denied him leave to appeal.  *Coley I*, Dkt. No. 80 at 2–3 (citing *People v. Coley*, 129 A.D.3d 1327, 1330 (3d Dep't 2015), *lv. denied*, 26 N.Y.3d 927 (2015).

2

This Court denied the claims on the merits. *Id.* at 5-31; *see also Coley I,* Dkt. No. 81, Judgment. Thereafter, Coley filed a Notice of Appeal with the United States Court of Appeals, Second Circuit. *Coley I,* Dkt. No. 92, Notice of Appeal; *Coley I*, Dkt. No. 93, Electronic Notice and Certification. The Second Circuit dismissed the appeal for lack of jurisdiction on December 28, 2020. *Coley I*, Dkt. No. 36, Mandate.

### III. <u>THE PRESENT PETITION</u>

Coley's present habeas petition—his second in this forum—challenges the same judgment of conviction from *Coley I*; *i.e.*, the February 15, 2013 judgment that followed a jury trial in Ulster Countyon three counts of second degree robbery. Pet. at 1-2. As mentioned *supra*, petitioner directly appealed this conviction: the Third Department affirmed the conviction on June 18, 2015, and the Court of Appeals denied him leave to appeal on August 28, 2015. *Id.* at 2-3; *see also People v. Coley*, 129 A.D.3d 1327 (3d Dep't 2015), *lv. denied*, 26 N.Y.3d 927 (2015).

In addition to his direct appeal, Coley has also filed three different motions seeking to vacate this judgment of conviction pursuant to New York Criminal Procedure Law § 440 ("440 motion"). Pet. at 3-5. The first 440 motion was filed in Ulster County Court on July 1, 2017, and denied without a hearing on October 6, 2017. *Id.* at 3. The second 440 motion was filed on October 15, 2020, and denied on December 21, 2020. *Id.* at 3-4; *see also* Ex. at 17-18. Petitioner filed leave to appeal, which was subsequently denied by the Third Department on April 12, 2021, and dismissed by the Court of Appeals on February 3, 2022. Ex. at 15.

The third 440 motion was filed in Ulster County on January 28, 2022. Pet. at 4. There, petitionre argued that, *inter alia*, he was entitled to relief based on his actual

3

innocence connected with newly discovered evidence. *Id.* at 4. Notably, this third 440 motion is still pending. *Id.* at 5, 7, 9, 10, 12.

Coley argues that he is entitled to federal habeas relief in this current action because (1) the identification procedure was unduly suggestive, Pet. at 5-7, Ex. at 2-3; (2) trial counsel was constitutionally ineffective for failing to investigate any witnesses, Pet. at 7-8, Ex. at 4-6; (3) petitioner is actually innocent and "DNA testing, if done, would have changed the DA's case that is why the Kingston Police didn't do it," and that it would have demonstrated that another individual planted the gun and lied about the robbery, Pet. at 8-10, Ex. at 8-10; and (4) new evidence demonstrates petitioner's intellectual disability resulted in a false, coerced confession, Pet. at 10-11, Ex. at 10-13.

Coley states that all four of these grounds are also presently being litigated in his third 440 motion, which—as mentioned *supra*—is still pending in the state court system. Pet. at 5, 7, 9, 10, 12. For a more complete statement of petitioner's claims, reference is made to the petition and attached exhibits.

## IV. **DISCUSSION**

Coley's current habeas action is challenging the same sentence, associated with the same underlying criminal conviction, that he already attacked in his prior habeas petition from 2016. *Compare Coley I*, 2018 Order at 2-3 *with* Pet. at 1-3.

The Antiterrorism and Effective Death Penalty Act (AEDPA) has restricted the ability of petitioners to file second or successive petitions. *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003). A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits,

4

*Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

The Court previously denied Coley's petition on the merits. *Coley I*, at 5-31. And a review of petitioner's current claims confirms that he continues to advance versions of the same arguments, at least half of which were already denied on the merits. *Compare Coley I*, 2018 Order at 13-15 *with* Pet. at 5-7, Ex. at 2-3 (arguing that the identification procedures using a photo array were unduly suggestive) *and Coley I*, 2018 Order at 15-13 and Pet. at 7-8, Ex. at 4-6 (arguing counsel was constitutionally ineffective for actions occurring prior to and during trial).

To the extent that the permutations of these arguments are rooted in facts discovered via new evidence, the prohibition against successive petitions without prior appellate court approval is still applicable. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that "a motion . . . seek[ing] leave to present 'newly discovered evidence' . . . in support of a claim previously denied . . . is in substance a successive habeas petition and should be treated accordingly.") (citations omitted). Accordingly, the petition is successive.

The AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before

presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Where, as here, "a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization . . . that is mandated by § 2244(b)(3)," the Second Circuit has held that "the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]" *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

Thus, the question is whether the interest of justice would be served by transferring Coley's successive petition to the Second Circuit at this time. "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely . . . and a finding that the original action was filed in good faith." *Liriano*, 95 F.3d at 122. (internal quotation marks and citations omitted). In *Liriano*, the Second Circuit noted that an inmate's successive "filing will almost invariably reflect ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements." *Id.*

Upon review, there is no indication that Coley's filed this petition in bad faith. Although he had a previous petition decided by this Court, petitioner's latest petition appears to be his first "successive" one. So there is no clear basis on which to conclude that petitioner is already on notice of, or has previously been warned about, the procedural rules related to successive petitions. *See Brown v. United States*, No. 1:13-CV-7937, 2014 WL 12909140,

6

at *2 (S.D.N.Y. Jan. 7, 2014) (holding that "in light of petitioner's previous duplicative applications [for federal habeas corpus relief], this Court declines to transfer the action to the Second Circuit.").

This finding would ordinarily favor transfer to the Second Circuit for authorization to proceed. However, an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).[4]

Importantly for present purposes, Coley has not exhausted his available state court remedies. Indeed, he has admitted as much. According to petitioner, his third 440 motion – which includes all the same claims he is presently challenging in his habeas petition – is still pending in the state court. Pet. at 5, 7, 9, 10, 12. Thus, petitioner's claims remain unexhausted because the highest state court capable of reviewing said claims has not yet had the opportunity to do so. *See Priester v. Senkowski*, No. 1:01-CV-3441, 2002 WL 1448303, at *6 (S.D.N.Y. July 3, 2002) (holding that a 440 motion was not properly presented to the highest state court because petitioner failed to "seek[] leave to appeal the denial of that motion to the Appellate Division, as permitted by C[riminal Procedure Law] § 460.10(4)(a)[.]"); *see also O'Sullivan*, 526 U.S. at 845.

---

[4] To satisfy this exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

There is no basis on the existing record to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). To the contrary, petitioner has state court remedies available to him, and, by his own admission, is in the process of exhausting those remedies.

Notably, petitioner also argues that he is actually innocent and that new evidence supports his claims. Pet. at 8-10, Ex. at 8-10. Courts have recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Any new action filed by petitioner asserting these claims would, if petitioner's contentions are correct, have any timeliness bar excused by the equitable exception petitioner is attempting to invoke. And any claims based on newly discovered evidence may be entitled to a different limitations period. 28 U.S.C. § 2244(d)(1)(B)-(D).

Therefore, it appears that – presuming that Coley's assertions are correct -- any subsequently filed petition, including the instant claims, would either have a different accrual date potentially rendering the filing of the petition timely or be subject to the equitable exception which serves as a gateway to pass through the timeliness bar.

In short, dismissal of the petition, instead of transfer, is the better option. This option represents the most efficient use of judicial resources and of petitioner's time. For the reasons explained *supra*, unless and until petitioner receives a final determination from his pending matter in the state courts, transferring the petition will only result in petitioner's

claims being dismissed as unexhausted. Further, because of the potential alternate statutory limitations accrual date and the equitable exception, any subsequently filed petition is not automatically untimely, which means the decision to dismiss the instant petition consistent with the spirit of *Liriano*.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. The petition is **DISMISSED**;

2. If petitioner seeks to file a subsequent petition after he has fully exhausted his state court remedies, he must seek permission from the Second Circuit, 28 U.S.C. § 2244(b);

3. Because petitioner makes no substantial showing of a denial of a constitutional right as 28 U.S.C. § 2253 requires, a certificate of appealability will not issue;[5] and

4. The Clerk shall serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  June 13, 2022
        Utica, New York.

United States District Judge

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).